# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
9/11/2020 4:17 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
Attorneys for Plaintiff

CASE NO: A-20-821047-C
Department 13

DISTRICT COURT

CLARK COUNTY, NEVADA

SANDY ALECIA SINCLAIR-LEWIS, individually;

    Plaintiffs,

vs.

SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation; DOES I - X, and ROE CORPORATIONS I - X, inclusive,

    Defendants.

CASE NO.
DEPT. NO.

**COMPLAINT**

Plaintiff SANDY ALECIA SINCLAIR-LEWIS ("Plaintiff") complains as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is, and at all times relevant herein, was, a resident of Clark County, Nevada.

2. The actions complained of herein occurred in Clark County, Nevada.

3. Defendant SMITH'S FOOD & DRUG CENTERS, INC., is, and at all times mentioned herein, an Ohio corporation conducting business in Clark County, Nevada.

4. The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

5. At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

- 1 -

Case Number: A-20-821047-C

6. On May 25, 2019, Plaintiff was an invitee of Defendants at Smith's Food & Drug Centers, Inc., located at 2385 E Windmill Ln., Las Vegas, Nevada 89123 (hereafter the "Property").

7. Defendants maintained and were in control of the Property.

8. While visiting the Property, Plaintiff slipped and fell on a liquid substance on the floor (hereafter the "dangerous condition"), causing Plaintiff to sustain serious injuries.

9. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

10. Defendants negligently, carelessly, and recklessly maintained, constructed and allowed the dangerous condition to exist.

11. As a direct and proximate result of the negligence of all Defendants, Plaintiff sustained injuries to her back, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.

12. As a direct and proximate result of the negligence of all Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

13. As a direct and proximate result of the negligence of all Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

14. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION

15. Plaintiff incorporates paragraphs 1 through 14 of the Complaint as if those paragraphs were fully incorporated herein.

16. Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

17. Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-

1 | obvious condition.

2 | 18. Defendants' negligence directly and proximately caused Plaintiff serious injury.

3 | 19. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future.

20. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

21. Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For reasonable attorney's fees and costs;
4. For property damage sustained by Plaintiff;
5. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

By: _____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

Electronically Filed
9/25/2020 3:12 PM
Steven D. Grierson
CLERK OF THE COURT

PSER
ER INJURY ATTORNEYS
4795 S DURANGO DR
LAS VEGAS, NV 89147
(702) 877-1500

DISTRICT COURT
CLARK COUNTY, NEVADA

SANDY ALECIA SINCLAIR-LEWIS
   Plaintiff

vs

SMITH'S FOOD & DRUG CENTERS, INC.
   Defendant

Case Number: A-20-821047-C

Dept:

PROOF OF SERVICE

TONYA MALONE, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **09/17/2020 at 2:47 PM** to:

**Defendant SMITH'S FOOD & DRUG CENTERS, INC. AN OHIO CORPORATION, BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT**

by leaving the copies with or in the presence of **KRIS OSBORN, CORPORATE SPECIALIST**, at 112 N CURRY ST, CARSON CITY, NV 89703, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Friday, September 18, 2020

TONYA MALONE, R-100246
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1932766 01

Electronically Filed
10/7/2020 3:25 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation; DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>Defendants. | CASE NO.: A-20-821047-C<br>DEPT. NO.: XIII<br><br>**DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2, 4, 5, 6 and 8 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**II.**

This answering Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

///

CLAC 5954190.1

### III.

In response to Paragraph 7 of Plaintiff's Complaint, this answering Defendant admits that it maintained and controlled the SMITH'S store located at 2385 East Windmill Lane, Las Vegas, Nevada. This answering Defendant denies any remaining allegations contained in said Paragraph.

### IV.

Paragraph 9 of Plaintiff's Complaint states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

### V.

This answering Defendant denies each and every allegation contained in Paragraphs 10, 11, 12, 13 and 14 of Plaintiff's Complaint.

### VI.

This answering Defendant, in response to Paragraph 15 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

### VII.

Paragraph 16 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

### VIII.

This answering Defendant denies each and every allegation contained in Paragraphs 17, 18, 19, 20 and 21 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**".

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

/ / /

CLAC 5954190.1

## SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 7th day of October, 2020.

COOPER LEVENSON, P.A.

By /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar #001107
Gregory A. Kraemer
Nevada Bar #010911
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 5954190.1

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 7th day of October, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
Attorneys for Plaintiff

By  /s/ Theresa H. Rutkowski
    An Employee of
    COOPER LEVENSON, P.A.

CLAC 5954190.1

4

Electronically Filed
10/9/2020 11:23 AM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
Email: justin@erinjuryattorneys.com
Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, individually;<br><br>Plaintiffs,<br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation; DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>Defendants. | CASE NO.: A-20-821047-C<br><br>DEPT NO.: 13 |

**PETITION FOR EXEMPTION FROM ARBITRATION**

COMES NOW Plaintiff, SANDY ALECIA SINCLAIR-LEWIS, by and through her attorneys of record, JUSTIN G. RANDALL, ESQ., of ER INJURY ATTORNEYS, and hereby requests the above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rule 3 and 5, as this case:

1. ____ presents a significant issue of public policy;

2. XX  involves an amount in issue in excess of $50,000, exclusive of interest and costs;

3. ____ presents unusual circumstances which constitute good cause for removal from the program.

This is an action for personal injuries resulting from a slip and fall incident that occurred on May 25, 2019 in Clark County Nevada. On this date, Plaintiff was an invitee of Defendant SMITH'S FOOD & DRUG CENTERS, INC. While visiting the property, Plaintiff slipped on a liquid substance, causing Plaintiff serious injuries.

To date, Plaintiff SANDY ALECIA SINCLAIR-LEWIS has incurred the following medical

expenses as a result of the subject incident:

| 1. | Community Ambulance | $1,109.45 |
|---|---|---|
| 2. | St. Rose Dominican Hospital- Siena | $4,913.00 |
| 3. | Vituity Partners | $817.00 |
| 4. | Radiology Associates of Nevada | $37.00 |
| 5. | Desert Orthopedic Center | $378.58 |
| 6. | Khavkin Clinic | $125,932.00 |
| 7. | Rapid Rehab and Wellness Center | $5,229.00 |
| 8. | Desert Cardiovascular Consultant | $4,051.01 |
| 9. | Palm Medical Group | $621.39 |
| 10. | Henderson Hospital | $376,752.00 |
| | **TOTAL DAMAGES** | **$519,840.43** |

Plaintiff has already had two (2) spine procedures due to the pain caused by this lip and fall. On August 26, 2019, Dr. Yevgeniy Khavkin performed a decompression and fusion of the C5-C7 levels of Plaintiff's cervical spine. Then on September 23, 2019, Dr. Khanvkin performed a transforaminal lumber fusion of the L5-S1 levels of Plaintiff's spine. Plaintiff is still gathering her records and bills for her aftercare from these surgeries.

As is evidenced by the injuries diagnosed by Plaintiff's healthcare providers, together with the significant medical expenses incurred by Plaintiff and the future cost of treatment, Plaintiff's case has a probable jury award value in excess of $50,000. Accordingly, and pursuant to N.A.R. 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Further, this request for exemption has been timely filed pursuant to the requirements set forth in N.A.R. 5.

///

///

///

///

Based upon the foregoing, I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption marked above, and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

ER INJURY ATTORNEYS

_____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

Pursuant to N.R.C.P. 5(a), E.D.C.R. 7.26(a) and N.E.F.C.R. 9, I hereby certify that I am an employee of ER INJURY ATTORNEYS, and on the 9th day of October, 2020 the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** was served by electronic via the Eighth Judicial Court's Odyssey E-File and Serve system, to the following counsel of record:

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
*Attorney for Defendant*

　　　　　　　　　　　　　　　　　　　　/s/ *Amber Geiman*
　　　　　　　　　　　　　　　　　　　　An Employee of ER INJURY ATTORNEYS

Electronically Filed
10/27/2020 3:20 PM
Steven D. Grierson
CLERK OF THE COURT

CDRG

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Sandy Sinclair-Lewis, Plaintiff(s)

vs.

Smith's Food & Drug Centers, Inc,

Defendant(s)

CASE NO: A-20-821047-C
DEPT. NO: XIII

### COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: October 09, 2020

EXEMPTION FILED BY: __Plaintiff__     OPPOSITION: __No__

### DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 27th of October, 2020.

_____
ADR COMMISSIONER

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

# NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2020.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2020.

/s/    Lisa Kaba
ADR COMMISSIONER'S DESIGNEE

2

**ADR COMMISSIONER**
**EIGHTH JUDICIAL**
**DISTRICT COURT**