JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada, 89102
 (702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation; DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>Defendants. | Case No. 2:20-cv-02063-JCM-VCF<br><br>**JOINT STIPULATION TO STAY ALL REMAINING DEADLINES PENDING A MARCH 22, 2023 MEDIATION**<br><br>**(FIRST REQUEST)** |

Plaintiff, Sandy Alecia Sinclair-Lewis, by and through her counsel at the law firm ER INJURY ATTORNEYS, and Defendant SMITH'S FOOD & DRUG CENTERS, INC., by and through its counsel at the law firm COOPER LEVENSON, P.A., hereby move to stay all remaining operative deadlines (ECF No. 16 at 5) stipulated to by the parties—and subsequently judicially approved (ECF No. 17), pending a March 22, 2023 mediation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 7262021.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

A January 25, 2022 order (ECF No. 17) grants a stipulation to extend the discovery deadlines. The operative deadlines are as follows:

- Initial expert disclosures: Closed.
- Rebuttal expert disclosures: March 11, 2022 (now closed).
- Close of discovery: April 11, 2022 (now closed).
- Dispositive motions: May 11, 2022 (closed).
- Joint proposed pre-trial order: June 10, 2023 (fifty-three days from today).

(ECF No. 17 at 5)

On December 20, 2022, the Court issued an Order (ECF No. 51) denying Defendant's Motion for Summary Judgment. The parties proposed joint pre-trial order is now due thirty days from the date of the Order (January 19, 2023).

Prior to the Order (ECF No. 51), counsel discussed the possibility of mediating and settling this action. A short while later, the parties met and conferred telephonically after several email exchanges about a joint proposal to mediate to reach a cost-effective and speedy resolution, to limit discovery expenses, and to conserve the precious resources of the court. The parties have agreed to and therefore scheduled a half-day mediation with Judge Trevor Atkin at *ARM*, one of the largest private alternative dispute resolution (ADR) provider.

Judge Atkin, a jurist with decades of experience, is highly respected by both parties and, indeed, by the local legal community at large, thus, both parties are more than hopeful that the mediation will succeed and that the action shall settle.

**II.   LAW AND ARGUMENT**

    **A.   The District Court should stay the remaining deadlines contained within the January 25, 2022 order (ECF No. 17) by utilizing its inherent powers to control its own docket.**

A District Court has the inherent power to control its dockets. *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). This includes the power to stay a proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the

CLAC 7262021.1

2

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. If determining whether a stay is warranted, the court must balance the hardships to the parties. Dependable *Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

As mentioned in the introduction, Judge Atkin has a very high success rate, and there is a strong possibility of this action settling. The Court recently issued an order denying SMITH'S motion for summary judgment. Most of the scheduled deadlines have expired, with the next being the deadline to submit the proposed joint pre-trial order — thirty days after the order was issued. The parties agree with each other that it is pointless to expend resources on drafting a pre-trial order, and subsequent motions in limine, and having the court utilize its precious judicial resources adjudicating them when a mediation with a highly respected and successful mediator is due shortly after the dispositive motions deadline.

Also, staying the remaining deadlines will allow the parties to divert their attention to, and focus on, preparing for the upcoming mediation. A stay will contribute towards the court's goal of ensuring a "just, speedy, and inexpensive determination of every action[,]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011) (stated in the context of staying discovery; however, the same principle applies in this instance), that will hopefully result in the avoidance of both the parties and the court incurring additional expense and expending further time (namely on dispositive motion practice, pre-trial evidential motions, and trial itself). If the action settles at mediation, any pending motion shall become moot, and the parties shall notify the court accordingly. Shortly after, as soon as the settlement documents are finalized, the parties shall then stipulate to dismiss with prejudice.

For the reasons stated above, the parties show good cause as to why the court should utilize its inherent powers to stay the remaining deadlines until after the date of the mediation.[1] If the mediation is

---

[1] Because the parties stipulate to, and seek judicial approval for, a stay under the court's inherent power to control its own docket and not under Local Rule IA 6-1 and Local Rule 26-3, an analysis under these rules is not necessary. (Local Rule 26-3 lists four factors that are considered. These apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, the parties neither stipulate or move to extend a discovery deadline nor stipulate or move to reopen discovery, but instead simply ask the court to approve a short stay until after the mediation.)

CLAC 7262021.1

unsuccessful, the parties shall notify the court the day after the mediation and shall stipulate—subject to judicial approval—to a new deadline to submit its proposed joint pre-trial order, likely to fall on the fourteenth day (*April 5, 2023*) after the date on which the notice of an unsuccessful mediation is docketed.

### III.   CONCLUSION

The parties demonstrate good cause for judicial approval of this stipulation to briefly stay the remaining deadlines in this action. They believe that this action has a good chance of settling at mediation, into which all sides enter in good faith; additionally, precious judicial resources shall be conserved should the parties settle, thus the twin goals of judicial efficiency and economy are promoted, and the resources of both parties shall be conserved by the parties not having to engage in dispositive motion practice and the court not having to adjudicate between the two sides, in addition to negating the need for further motion practice and a possible jury trial. Also, if the parties settle, any further expensive and time-consuming motion practice and possible trial shall be eliminated.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This is the parties' first request for a stay of all remaining deadlines, which is made in good faith and not for the purpose of delay. In addition, neither party shall be prejudiced by a stay. Based on the above, the parties respectfully request the entry of an order that judicially approves this stipulation. **THE PARTIES SO STIPULATE.**

| Dated: December 21, 2022 | Dated: December 21, 2022 |
|---|---|
| **ER INJURY ATTORNEYS** | **COOPER LEVENSON, P.A.** |
| By:/s/ *Justin G. Randall*<br>JUSTIN G. RANDALL, ESQ.<br>Nevada Bar No. 012476<br>4795 South Durango Drive<br>Las Vegas, Nevada 89147<br><br>Attorneys for Plaintiff | By:/s/ *Andre T. Marques*<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 1107<br>ANDRE T. MARQUES, ESQ.<br>Nevada Bar No. 14737<br>3016 West Charleston Boulevard, #195<br>Las Vegas, Nevada 89102<br><br>Attorneys for Defendant<br>Smith's Food & Drug Centers, Inc. |

## ORDER

**IT IS SO ORDERED.**

Dated this 21st day of December, 2022.

IT IS HEREBY ORDERED that if the mediation with mediation with Judge Atkins is not successful, the Joint Pretrial Order is due April 26, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

CLAC 7262021.1