UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, | Case No. 2:20-CV-2063 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Smith's Food & Drug Centers, Inc. ("defendant")'s motion *in limine* to exclude maintenance records. (ECF No. 75). Plaintiff Alecia Sinclair-Lewis ("plaintiff") filed a response (ECF No. 86), to which defendant did not reply.

Also before the court is defendant's motion *in limine* to exclude photographs contained in plaintiff's second and seventh supplements. (ECF No. 78). Plaintiff filed a response (ECF No. 87), to which defendant did not reply.

Also before the court is defendant's motion *in limine* to exclude testimony regarding the alleged leaking freezer unit. (ECF No. 80). Plaintiff filed a response (ECF No. 91), to which defendant did not reply.

**I.     Background**

This is a negligence action brought against defendant following a slip-and-fall incident at one of its stores. The following facts are undisputed. On May 25, 2019, plaintiff was shopping at defendant's store located on 2385 E Windmill Lane in Las Vegas. (ECF No. 27 at 4). As she

**James C. Mahan**
**U.S. District Judge**

reached into a freezer unit at the "endcap" of the aisle between aisles "3" and "4" to retrieve a carton of ice cream, she slipped and fell on what she believes to have been water, suffering several injuries. (*Id.*; ECF No. 34 at 3-4). Plaintiff's husband photographed the floor where his wife slipped. (ECF No. 27 at 4). The photograph shows droplets of liquid, and plaintiff's husband testified to observing the same. (*Id.*).

Plaintiff sued defendant for negligence. (ECF No. 1-1 at 3-4). A bench trial is scheduled for November 18, 2024. (ECF No. 99). Defendant moves to exclude three pieces of evidence: (1) maintenance records regarding a freezer unit; (2) photographs taken by plaintiff and plaintiff's attorney of the premises; and (3) testimony regarding the alleged leaking freezer unit. (ECF Nos. 75; 78; 80).

**II.    Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### III.  Discussion

A.  Motion *in limine* to exclude maintenance records

Defendant seeks to exclude maintenance records it produced in response to a discovery request from plaintiff. The maintenance records indicate that freezers on "aisle 4" were leaking water onto the floor of the premises and that there had been discussions of failing freezers for at least two months prior to the incident. (ECF No. 75 at 6). Defendant highlights that while plaintiff will seek to introduce the records to prove the subject freezer unit was leaking water on the date of the incident, plaintiff herself stated that she could not see any water leaking from the unit. (*Id.*).

Defendant also objects to admission of the records on the grounds that they fail to confirm any repairs to the freezer unit were requested in the months following the fall. (*Id.* at 6). Additionally, defendant claims no witnesses can testify that the records confirm that the freezer unit closest to the subject fall required repairs due to leaking. (*Id.* at 7).

The court finds that these records are relevant to show that the freezer units near the incident were leaking on the date of plaintiff's fall. The records contain an entry date from May

**James C. Mahan**
**U.S. District Judge**

- 3 -

8, 2019, almost three weeks prior to the incident, noting that "[f]reezers on aisle 4 are leaking water onto the sales floor." (ECF No. 86-1 at 68). Moreover, while defendant argues that admitting these records will create prejudice, the only allusion to any prejudice in its motion is the conclusory statement that the records' "probative value is substantially outweighed by the danger of unfair prejudice . . . ." (ECF No. 75 at 7). Defendant offers no specific reason why the admission of these records would cause prejudice under Federal Rule of Evidence 403.

As plaintiff aptly notes, the maintenance records defendant seeks to exclude are highly relevant and probative in determining the origin of the water on which plaintiff slipped. These records are also probative in demonstrating a potential failure to keep the premises in a reasonably safe condition by fixing the leaking freezer units before the incident occurred.

Relevancy under Federal Rule of Civil Procedure 26 is liberally construed, and discovery is allowed under the concept of relevancy unless the information sought has no bearing on the claims and defenses of the parties. *See* Fed. R. Civ. P. 26(b)(1); *Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931, at *8 (D. Nev. July 28, 2017).

Defendant additionally asserts that the records should be excluded on procedural grounds. Plaintiff represents that pursuant to Federal Rule of Civil Procedure 26, she disclosed the maintenance records in her pretrial disclosures, which were timely submitted. *See* Fed R. Civ. P. 26(a)(3). There is no evidence offered by defendant to rebut this claim, but defendant nonetheless states that plaintiff did not include the records in her pretrial disclosures. (ECF No. 75 at 7).

Accordingly, there is a factual dispute regarding this issue that may warrant further discussion at trial, as both parties fail to cite to the record. However, the central issue in this

**James C. Mahan**
**U.S. District Judge**

- 4 -

motion is the relevancy of the maintenance records, not an alleged procedural discrepancy. The court thus finds the maintenance records relevant and denies defendant's motion *in limine*.

### B.  Motion *in limine* to exclude photographs

Defendant next moves to exclude photographs taken by plaintiff's husband and her attorney of the premises. The photograph taken by plaintiff's husband, which depicts water near the freezer, implies that a leaking freezer unit caused the water to occur on the floor. Defendant posits that there is no evidence of the source of the water, and allowing any presentation of this photograph to the jury would confuse its members into thinking the source of the water is actually known. (ECF No. 78 at 8).

Defendant overlooks the fact that this trial is a bench trial, not a jury trial. (ECF No. 99). Accordingly, the court is the trier of fact, and any argument regarding confusion of the jury is misplaced. Additionally, the magistrate judge previously denied defendant's motion to strike the photographs pertaining to this motion *in limine* in January of 2022. (*See generally* ECF No. 15). He found that "[v]isibly leaky coolers nearby the location where plaintiff fell is relevant for discovery purposes pursuant to Rule 26. Her disclosure was also timely [,] so there is no conceivable prejudice to the defendant." (ECF No. 20 at 2-3).

Given that the husband's photograph is the lone depiction of water on the floor at the time of the incident, it is probative of whether a dangerous condition existed about which defendant knew or should have known. Furthermore, defendant fails to demonstrate that the photograph depicts a scene that is materially different from the subject incident. *See United States v. Stearns*, 550 F.2d 1167, 1170 (9th Cir. 2017) ("[a] picture may also be inadmissible, although technically accurate, because it portrays a scene that is materially different from a scene that is relevant to the issues at trial.").

**James C. Mahan**
**U.S. District Judge**

- 5 -

Defendant's main contention regarding the photographs taken by plaintiff's attorney during his inspection of the premises is that they were taken nearly three years after the alleged accident occurred. (ECF No. 78 at 8). This argument lacks merit. Photographs and videos may be admissible even if taken a long time after the relevant date. *See Feather River Lumber Co. v. United States*, 30 F.2d 642, 644 (9th Cir. 1929) (upholding the admission of two photographs taken three years after the subject event). The court finds the photographs relevant and denies defendant's motion *in limine*.

C. Motion *in limine* to exclude testimony regarding the leaking freezer unit

Finally, defendant moves for the exclusion of testimony regarding the leaking freezer unit. Defendant's primary concern is that any testimony regarding a leaking freezer unit near the area of the alleged incident is speculative. (ECF No. 80 at 5).

There is no indication that a single witness, whether it be plaintiff, her experts, or her counsel, personally observed a leaking freezer unit. However, the maintenance records note that freezers on "aisle 4" were leaking water onto the floor of the premises and that there had been discussions of failing freezers for at least two months prior to the incident. (ECF No. 75 at 6). Thus, it appears that there are some individuals who have personal knowledge of the leaking freezer units.

Defendant's motion is overbroad, premature, and more appropriate as an objection during a witness's testimony at trial. It is impossible to determine if testimony will be speculative before hearing the testimony itself. Defendant states that "[w]ithout any actual evidence that a freezer was leaking at the time of [the] incident such that it caused the subject area to become covered with water, then the jury should not be presented with such a baseless theory." (ECF

**James C. Mahan**
**U.S. District Judge**

- 6 -

No. 80 at 6). Again, defendant overlooks that this trial is a bench trial, and the jury is not the trier of fact.

The court will make the appropriate determination if any testimony is speculative regarding the leaking freezer at trial. Therefore, the court denies defendant's motion *in limine* to exclude testimony regarding the leaking freezer unit, as it overbroad and lacks specific portions of proposed testimony that is contested and objectionable.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Smith's Food & Drug Centers, Inc.'s motion *in limine* to exclude maintenance records (ECF No. 75) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion *in limine* to exclude photographs contained in plaintiff's second and seventh supplements (ECF No. 78) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion *in limine* to exclude testimony regarding the alleged leaking freezer unit (ECF No. 80) be, and the same hereby is, DENIED.

DATED July 31, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**