UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, | Case No. 2:20-CV-2063 JCM (MDC) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Alecia Sinclair-Lewis ("plaintiff")'s motion *in limine* to exclude or limit the testimony and report of defendant Smith's Food & Drug Centers, Inc. ("defendant")'s rebuttal expert witness Vladimir Sinkov, M.D ("Sinkov").  (ECF No. 65). Defendant filed a response (ECF No. 70), to which plaintiff replied (ECF No. 72).

Also before the court is defendant's motion *in limine* to exclude plaintiff's expert witness Adam Hjorth ("Hjorth") and his opinions regarding the appropriate standard of care.  (ECF No. 77).  Plaintiff filed a response (ECF No. 88), to which defendant did not reply.

Also before the court is defendant's motion *in limine* to exclude plaintiff's expert witness Stan V. Smith ("Smith")'s testimony.  (ECF No. 79).  Plaintiff filed a response (ECF No. 90), to which defendant did not reply.

Also before the court is defendant's motion *in limine* to exclude plaintiff's expert witness David E. Fish, M.D. ("Fish")'s testimony.  (ECF No. 81).  Plaintiff filed a response (ECF No. 89), to which defendant did not reply.

**James C. Mahan**
**U.S. District Judge**

## I. Background

This is a negligence action brought against defendant following a slip-and-fall incident at one of its stores. The following facts are undisputed. On May 25, 2019, plaintiff was shopping at defendant's store located on 2385 E Windmill Lane in Las Vegas. (ECF No. 27 at 4). As she reached into a freezer unit at the "endcap" of the aisle between aisles "3" and "4" to retrieve a carton of ice cream, she slipped and fell on what she believes to have been water, suffering several injuries. (*Id.*; ECF No. 34 at 3-4). Plaintiff's husband photographed the floor where his wife slipped. (ECF No. 27 at 4). The photograph shows droplets of liquid, and plaintiff's husband testified to observing the same. (*Id.*).

Plaintiff sued defendant for negligence. (ECF No. 1-1 at 3-4). A bench trial is scheduled for November 18, 2024. (ECF No. 99). Plaintiff moves to exclude defendant's rebuttal expert witness' testimony, while defendant moves to exclude three of plaintiff's expert witnesses' testimony. (ECF Nos. 65; 77; 79; 81).

## II. Legal Standard

### A. Motions *in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to

exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

B.  Expert testimony

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed R. Evid. 702.

The district court serves a gatekeeping function in evaluating scientific testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). When a district court is faced with a proffer of scientific testimony, it must make a preliminary determination under FRE 702 whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at

**James C. Mahan**
**U.S. District Judge**

592-93. A key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be tested. *Id.* at 593.

The objective of this gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). This gatekeeping requirement applies not only to scientific testimony, but also to all expert testimony covered by FRE 702. *Id.* at 147-49.

The trial court has the role of keeping out expert testimony that is not relevant and has broad latitude in exercising this function. *Cooper v. Brown*, 510 F.3d 970, 942 (9th Cir. 2007). The court, as the proponent of evaluating whether an expert's testimony is relevant, should not limit its consideration to the strength or existence of the expert's opinion. *See United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993). Instead, the ultimate consideration is whether the expert's testimony would assist the jury in drawing its own conclusion as to a fact at issue. *Id*.

**III.   Discussion**

A.   Plaintiff's motion *in limine* to exclude testimony of Vladimir Sinkov, M.D.

Plaintiff moves to exclude the testimony of Sinkov, whom defendant designates as its rebuttal expert. Specifically, plaintiff seeks the exclusion of Sinkov's following opinions: (1) causation, sustained injuries, treatment history, and future treatment recommendations; (2) the initial expert report submitted by plaintiff's expert, Dr. David Fish ("Fish"); (3) alternate theories of causation; and (4) plaintiff's medical bills. (ECF No. 65 at 5-11).

Rebuttal testimony is restricted to subjects that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed R. Civ. P. 26(a)(2)(D)(ii).

James C. Mahan
U.S. District Judge

- 4 -

Rebuttal experts are "proper if they contradict or rebut the subject matter of the affirmative expert report" only. *Nunez v. Harper*, No. 2:13-cv-00392-GMN-NJK, 2014 WL 979933, at *1 (D. Nev. Mar. 12, 2014).

The magistrate judge previously denied plaintiff's attempt to exclude Sinkov when adjudicating her motion to strike. (ECF No. 38). One of the grounds for the decision was the magistrate judge's finding that Sinkov's opinions referred to the same subject matter as did Fish. (ECF No. 70 at 8). This court concurs.

Sinkov does not introduce new opinions, methods, or issues that are not in Fish's report. In his rebuttal report, Sinkov disagrees with Fish's finding that plaintiff's injuries related to the fall sustained on May 25, 2019, stating that "there was no objective evidence of disc injury . . . that could be causally related to the fall." (ECF No. 23-3 at 32-33). As noted by defendant, Sinkov's rebuttal report simply questions the manner in which Fish arrives at his conclusions, taking into account plaintiff's prior injuries and pathology to the same affected area. (ECF No. 70 at 8). Sinkov directly rebuts the opinions offered by plaintiff in her medical reports, citing additional facts contained in the reports that Fish did not consider.

Given that Sinkov limited his opinions to the same subject matter as Fish included in his expert report, plaintiff's motion *in limine* to exclude or limit Sinkov's testimony and rebuttal report is denied.

B. Defendant's motion *in limine* to exclude testimony of Adam Hjorth

Defendant seeks to exclude the testimony of Hjorth and his opinions regarding the standard of care. Plaintiff retained Hjorth to opine on the slip resistance of the flooring in the premises. (ECF No. 77 at 4). Defendant claims Hjorth is not qualified to testify regarding the standard of care owed by a grocery store to a customer. (*Id.* at 4-5).

**James C. Mahan**
**U.S. District Judge**

- 5 -

The court summarily denies this motion *in limine* and finds Hjorth's testimony relevant to understanding the slipperiness of the floor and defendant's standard of care to keep the floor slip resistant. Hjorth is qualified to discuss "[c]urrent building codes and safety rules that floor or ground surfaces shall be stable, firm, and slip[-]resistant." (ECF No. 88-1 at 62). Plaintiff also provides evidence that Hjorth has been employed by hundreds of retail chains and thus understands the importance of having slip-resistant floors. (ECF No. 88 at 7).

Defendant takes issue with three of Hjorth's opinions contained in his report. However, the court finds nothing prejudicial about these opinions, as they are simply a summary of his testing results and a restatement of important facts, such as defendant's placing rolls of paper towels at the refrigerator section to prevent water from reaching the floor surface. (ECF No. 88-1 at 62). Finally, defendant never explains how or why Hjorth's opinions are irrelevant or prejudicial.

The court denies defendant's motion *in limine* to exclude Adam Hjorth and his opinions regarding the appropriate standard of care.

C.  <u>Defendant's motion *in limine* to exclude testimony of Stan V. Smith</u>

Defendant next seeks to exclude the testimony of Smith, whom plaintiff retained to testify as to her economic damages. The court finds that while Smith may testify at trial, his testimony will be limited.

Defendant repeatedly references Smith's opinions as "assumptions" that do not form a proper basis for his opinions. The court adopts defendant's argument that Smith cannot testify as to his calculation of plaintiff's husband's loss of society or relationship, which he claims exceeds one million dollars. (ECF No. 79 at 8). As defendant notes, plaintiff's husband is not a party to

**James C. Mahan**
**U.S. District Judge**

- 6 -

this case and is not alleging any type of damages against defendant. Accordingly, Smith is not permitted to proffer opinions regarding plaintiff's husband.

Although plaintiff admits that Smith partially bases his opinion regarding plaintiff's damages on assumptions, the court finds this fact insufficient to bar his testimony. Plaintiff's response describes Smith's credentials as an economic expert and his extensive experience, which includes performing economic analyses for thousands of cases over the past forty years. (ECF No. 90 at 5).

As for his assumptions, plaintiff outlines the six specific assumptions used by Smith in his report. These assumptions, such as (1) predicting that plaintiff will stop working at 67 based on comparative data from the National Center for Health Statistics and (2) that the cost of medical services will increase over time, appear necessary to calculate plaintiff's future losses. (*Id.* at 5-6) Additionally, and as stated by plaintiff, the assumptions are also reasonable considering the cost of goods rise historically each year. While defendant posits that Smith's opinions are generalized as to plaintiff, the motion offers no specifics on this matter.

The court will permit the testimony of Dr. Stan V. Smith, but he cannot proffer opinions regarding plaintiff's husband and his alleged losses.

D. Defendant's motion *in limine* to exclude testimony of David E. Fish, M.D.

Finally, defendant moves to exclude the testimony of Fish, who is plaintiff's primary medical expert.

Defendant's motion is rife with conjecture and inaccurate statements of the facts. Primarily, defendant's argument that Fish's testimony will confuse the jury is irrelevant, as there is no jury in this case. Even if this argument were valid, defendant nonetheless fails to specify how such confusion will occur. Defendant simply offers the conclusory statement that Fish's

**James C. Mahan**
**U.S. District Judge**

opinions are "inconsistent and [he] switches between theories in his report." (ECF No. 81 at 6). It is not an inconsistency for Fish to opine that plaintiff had several pre-existing medical issues while also discussing future treatments that are necessary for her to improve her quality of life.

Plaintiff's response includes an exhibit detailing Fish's credentials. Fish holds multiple board certifications; has numerous medical board licenses; is a member of professional organizations and committees; teaches at the University of California, Los Angeles; and has extensive history testifying for plaintiffs and defendants. (ECF No. 89 at 4). There is simply nothing in the record to contradict Fish's determination that plaintiff's post-incident treatment was a result of the subject incident.

The court finds that allowing Fish to testify will assist the trier of fact in understanding plaintiff's medical conditions sustained as a result of the subject incident. It is worth noting that the court denied plaintiff's motion to exclude the testimony of Sinkov, defendant's rebuttal expert. Defendant will thus have ample opportunity to cross-examine Fish at trial and will not suffer prejudice if he testifies.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Alecia Sinclair-Lewis's motion *in limine* to exclude or limit the testimony and report of rebuttal expert witness Vladimir Sinkov, M.D. (ECF No. 65) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Smith's Food & Drug Centers, Inc.'s motion *in limine* to exclude plaintiff's expert witness Adam Hjorth and his opinions regarding the appropriate standard of care (ECF No. 77) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that defendant's motion *in limine* to exclude plaintiff's expert witness Stan V. Smith's testimony (ECF No. 79) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.  Smith may not proffer testimony regarding any damages sustained by plaintiff's husband.

IT IS FURTHER ORDERED that defendant's motion *in limine* to exclude plaintiff's expert witness David E. Fish, M.D.'s testimony (ECF No. 81) be, and the same hereby is, DENIED.

DATED August 7, 2024.

_____
UNITED STATES DISTRICT JUDGE