UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS,<br><br>  Plaintiff,<br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>  Defendant. | Case No. 2:20-cv-02063-MMD-MDC<br><br>JUDGE MIRANDA M. DU'S ORDER REGARDING BENCH TRIAL IN CIVIL CASES |

This case is scheduled for trial before the Honorable Miranda M. Du, Chief United States District Judge, in Las Vegas, Nevada on **MONDAY, NOVEMBER 18, 2024, at 9:00 a.m.**. This is a 2-week stack.

1. <u>MOTIONS IN LIMINE</u>: must comply with LR 16-3 and must be fully briefed and submitted for decision no later than 30 days before trial. Motions filed after this established deadline will be automatically denied. Motions in limine must be filed in one, consolidated document. Replies are not permitted without first obtaining leave of Court.

2. <u>CALENDAR CALL:</u> Counsel for all parties and all *pro se* parties must appear (telephonically if they are out of town attorneys)[1] in Reno Courtroom 5 on **MONDAY, OCTOBER 28, 2024, at 9:00 A.M.** for calendar call. Unless a party is appearing *pro se*, the individual parties are not required to appear for Calendar Call unless the Court directs otherwise. Counsel or their clients will be excused from Calendar Call if, at least five days prior to the scheduled calendar call, settlement papers have been filed, with corresponding notices on the docket. If parties do not meet this deadline, they are expected to appear for calendar call.

---

[1]Counsel must call 1-888-557-8511, at least 5 minutes before the hearing is scheduled to begin and enter access code 3599743 and password 102824. The use of speaker phones and cell phones are prohibited.

3. At the Calendar Call, all cases that remain to be tried will be ranked in order of trial with criminal cases taking priority over civil cases. If there is more than one case to be tried, the Court will advise the parties of the order in which the Court intends to try the cases and will give the parties an estimate of the start date of their trial. Thereafter, the Court will not grant a continuance to any party absent a showing of good cause. Unless the Court directs otherwise, the cases will then be tried one after the other on 24 hours' notice from the Clerk.

4. <u>STATUS CONFERNCES</u>: The Court may conduct a status conference prior to the scheduled Calendar Call. Any party who wishes to request a pretrial status conference should notify the Courtroom Administrator no later than two weeks before Calendar Call. If the Court is satisfied during the status conference that the case is ready for trial, the Court may vacate the Calendar Call.

5. <u>TIME LIMITS</u>: The Court will impose equitable time limits on both sides. The Court expects reasonable, good-faith, and previously negotiated trial time estimates from counsel by either the first trial status conference or calendar call, whichever comes first.

6. <u>WITNESSES</u>: Counsel must immediately subpoena all witnesses for the time and trial date listed above. Inasmuch as cases will be tried in a trailing fashion, the subpoenas should contain a special instructions from counsel directing witnesses to contact counsel's office for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call but must appear as subpoenaed. Counsel and parties appearing *pro se* must also file their witness lists one week before trial. During trial, counsel and parties appearing *pro se* must provide to the opposing party a list of their witnesses who will be called the trial next day by 3 p.m. the day before. The parties may agree to provide this list earlier, and the Court may adjust the timeline as needed.

7. <u>EXHIBITS</u>: One week before trial, counsel and parties appearing *pro se* must electronically file their complete exhibit lists of all exhibits they intend to use during the trial. At the same time, counsel must serve upon opposing counsel a copy of their exhibit lists. Plaintiffs must use numerals 1 through 499 and defendants must use

numerals 500 through 999. All exhibits must be listed on a form provided by the Clerk's Office, and they may be computer generated if they conform to the requirements of the form provided by the Clerk. The Court uses the Jury Electronic Recording System ("JERS"). At least five calendar days before trial, the parties must provide the Courtroom Administrator with electronic media (*e.g.*, CD, thumb drive, or hard drive) that contains images of all the exhibits counsel intend to use at trial, in a format specified by the memorandum attached as exhibit 1 to this Order. Counsel should retain copies of their exhibits for use by the witnesses in the courtroom only if they anticipate needing them. But for clarity, the parties need not prepare any paper exhibits unless the other party is proceeding *pro se*, in which case the represented party should make paper copies of all exhibits and make them available to the *pro se* party such that the exhibits are reasonably accessible to the *pro se* party a reasonable amount of time before trial. If the parties expect they will use many voluminous exhibits or are otherwise concerned about the presentation of exhibits at trial, they must immediately file a joint motion requesting a status conference with the Court and notify the Courtroom Administrator when they have done so.

      8.    <u>MARKING EXHIBITS:</u> During preparations for trial, counsel for all parties must meet, confer, pre-mark and exchange all trial exhibits. At least five calendar days before trial, counsel must notify Judge Du's Courtroom Administrator that the exhibits have been pre-marked.

      9.    <u>EVIDENCE DISPLAY EQIUPMENT:</u> Counsel wishing to use the Court's evidence display equipment must contact the Courtroom Administrator to determine its availability and to arrange for training. Counsel wishing to use their own display equipment must contact the Courtroom Administrator to arrange a time and date to set up the equipment prior to the trial.

      10.    <u>TRIAL BRIEFS AND RELATED PRE-TRIAL FILINGS:</u> One week before trial, the parties must file: (1) trial briefs; (2) stipulated facts; and (3) proposed findings of fact and conclusions of law. At the same time, the parties must provide a copy of these

documents in Microsoft Word format to chambers, by email to the Courtroom Administrator, at Karen_Walker@nvd.uscourts.gov.

11. <u>POST-TRIAL FILINGS:</u> The parties must file updated proposed findings of fact and conclusions of law following the trial that both conform to the evidence admitted at trial and contain accurate citations to the trial transcript throughout. The parties must similarly provide the Courtroom Administrator with Word versions of these updated proposed findings by email at the time they file them. The Court will confer with the parties at the conclusion of trial and set a deadline for filing these updated proposed findings, but the deadline is typically four weeks after the final trial transcript is filed on the docket (initially under seal, but accessible to the parties). All citations in the updated proposed findings must be to specific CM/ECF references on the docket, not some citation system devised by counsel. For example, a citation to trial testimony should be to the CM/ECF reference for the appropriate transcript as it is filed on the docket, such as (ECF No. 100 at 5). The pagination of the citation should be the page number within the PDF as it appears on the docket, not, for example, the transcript page number generally included at the top-right of trial transcripts. Citations to exhibits should also be given to a CM/ECF reference where possible or to the exhibits as admitted at trial. Pagination should again refer to precise pages within the PDF document version of exhibits, not pagination included on the documents within the exhibits or Bates stamp numbers. Citations to legal authority should comply with Bluebook rules. If the parties do not comply with the Court's citation preferences described herein, the Court may order the parties to file further updated versions of their proposed findings that do. If the parties are requesting or opposing injunctive relief following the bench trial, proposed permanent injunction(s) must be attached as exhibit(s) to the updated proposed findings filed after trial. The Court may set an additional, post-trial hearing on the scope of any injunctive relief it is considering awarding if, and only if, it finds one necessary. For this reason, counsel are advised to include all pertinent and alternative arguments and objections regarding injunctive relief in, and along with, their updated proposed findings of fact and conclusions of law.

12.     TRIAL SCHEDULE: Trial will generally begin at 9:00 a.m. and end at 3:00 or 3:30 p.m., Monday through Friday. The first day of the trial, however, will typically be a Tuesday. The Court may ask counsel and parties appearing *pro se* to appear before or after the trial day to argue and resolve any issues that come up during trial. The Court generally takes a morning recess of about fifteen minutes and a later lunch of about thirty minutes. The Court accordingly advises the parties to bring lunch or make lunch arrangements in advance.

13.     TRIAL JUDGE: Although the cases that are on the Court's trial stack are assigned to Judge Du, cases may proceed to trial before another Nevada federal district judge or a visiting federal district judge.

14.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE: Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States Magistrate Judge pursuant to Title 28, Section 636(c)(2) of the United States Code. The right to proceed before a Magistrate Judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the Court sitting without a jury. Any appeal from a judgment in a proceeding before a Magistrate Judge by consent is taken directly to the United States Court of Appeals. The option to proceed before a Magistrate Judge is available to the parties at the time an action is commenced, and the Court again makes it available to the parties now. Consenting to proceed to trial before a Magistrate Judge often results in a firmer, and sooner, trial date. But the Court may refuse to approve a consent if it appears to be motivated by an effort to delay the proceedings.

15.     SANCTIONS: As provided for under the Local Rules of Practice of this court, the Court will consider the imposition of sanctions against any attorney who: (1) fails to timely file trial briefs or proposed findings of fact and conclusions of law, whichever is applicable, as prescribed in this order, the Pretrial Order, Order Regarding Pretrial Procedure, Scheduling Order or any order extending the time for such filings; (2) fails to comply with any provision of this order including, but not limited to, the failure to appear

for calendar call without first having been excused by the Court or the Courtroom Administrator with the permission of the Court; or (3) fails to timely comply with any other order that schedules deadlines for trial preparation.

16. <u>CONTACT PERSON:</u> All questions regarding the trial calendar, and trial generally, must be directed to Karen Walker, Courtroom Administrator.

The date of the Clerk's File Mark constitutes the date of this order.

DATED THIS <u>27th</u> day of September 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE