UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDY ALECIA SINCLAIR-LEWIS, individually,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:20-cv-02063-MMD-MDC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Sandy Alecia Sinclair-Lewis sued Defendant Smith's Food & Drug Centers, Inc. ("Defendant or Smith's") for negligence following an undisputed slip-and-fall incident at a Smith's Food & Drug Center in Las Vegas, Nevada. (ECF No. 1-1 at 2-4.) The Court held a bench trial ("Trial") (ECF Nos. 121-123 (minutes of proceedings); 126-128 (trial transcripts)) and now makes the following findings of fact and conclusions of law. As explained below, Plaintiff fails to establish by a preponderance of the evidence that Smith's had actual or constructive notice of liquid on the floor prior to the accident and therefore cannot show a breach of duty of care. The Court finds that Plaintiff cannot establish Smith's liability on her single negligence claim. The Court will accordingly direct judgment in Defendant's favor.

///

///

## II. FINDINGS OF FACT

The Court makes the following findings of fact based on testimony and other evidence admitted during the Trial,[1] along with the pre-trial and post-trial briefing the parties filed in this case. (ECF Nos. 116, 118, 129, 130[2].)

### A. Slip-and-Fall Incident

1. Plaintiff's slip-and-fall incident occurred on May 25, 2019, at Smith's Store Number 376, located at 2385 East Windmill Lane, Las Vegas, Nevada 89123. (Ex. 1 at 1.)
2. At 7:16 PM, Plaintiff and her husband entered Smith's. (ECF No. 126 at 90-91.)
3. At 7:39 PM, Plaintiff and her husband walked through the back aisle at Smith's. (Ex. 10 at 07:39:30 PM.)
4. At 7:40 PM, Plaintiff walked toward the end cap freezer.[3] (*Id.* at 07:40:26 PM.)
5. As Plaintiff approached the end cap freezer, she slipped and fell to the ground. (*Id.* at 07:40:31 PM.)
6. On the ground next to Plaintiff were droplets of liquid. (Exs. 1 at 2; 6.)

///

---

[1]The parties submitted joint exhibits marked as Nos. 1-42. (ECF No. 114.) "Ex." in this order refers to an exhibit admitted at Trial.

[2]Defendant filed an insufficient post-trial brief (ECF No. 130) that included a "closing argument" that is essentially a closing argument rather than proper proposed findings of fact and conclusions of law with citations to the trial records as instructed. (*See* ECF No. 105 at 4 ("The parties must file updated proposed findings of fact and conclusions of law following the trial that both conform to the evidence admitted at trial and contain accurate citations to the trial transcript throughout.").) The Court reminds counsel to follow the Court's instructions.

[3]The evidence conflicts regarding the precise location of the end cap freezer. (*Compare* Ex. 1 at 2 (listing on the incident report that the end cap freezer is located by aisle two and three) *and* ECF No. 126 at 58 (testifying that the end cap freezer was located between aisle three and four).) However, as explained below, this location is ultimately not relevant to the Court's analysis.

|   |   |   |
|---|---|---|
| 7. | | The liquid was located approximately six to eight inches from the end cap freezer. (Exs. 5; 6.) |
| 8. | | The liquid did not appear to trail from the freezer. (*Id.*) |
| 9. | | The liquid was clear with no obvious debris. (Ex. 6.) |
| 10. | | The liquid did not have footprints or wheel tracks in it. (*Id.*) |
| 11. | | At 7:39 PM, two Smith's patrons walked on the same area where Plaintiff would fall. And at 7:40 PM, seconds before Plaintiff's fall, another Smith's patron walked through the same area with a shopping cart. All three patrons walked through the area without incident and without any apparent reaction to show that they noticed liquid on the floor. (Ex. 10 at 7:39:52, 7:40:03.) |
| 12. | | At 7:53 PM, emergency medical services provided Plaintiff with medical assistance and transported her to the emergency room. (*Id.* at 07:53:51 PM.) |
| 13. | | As emergency medical services transported Plaintiff out of Smith's, a Smith's employee cleaned up the liquid using one paper towel. (*Id.* at 07:53:55 PM.) |
| 14. | | Following the incident, Plaintiff experiences daily pain. (ECF No. 126 at 79.) |

**B.     Defendant's Sweep Practices**

15. Defendant's policy is to sweep the store every hour as they are able.[4] (*Id.* at 168.)
16. During a sweep, employees verify no hazards are in an aisle. (*Id.* at 173-74.)
17. Sweeps may be performed either visually or physically with a broom or mop. (*Id.* at 174.)
18. On May 25, 2019, at 6:41 PM and 6:44 PM, a Smith's employee swept the back aisle where the incident would occur using a wide cloth broom. (Ex. 11 at 06:41:27 PM; 06:44:40 PM.)

///

---

[4] At trial, the representative for Defendant testified to the existence of the sweep policy, but no evidence was submitted as to a written policy. (ECF No. 126 at 173.)

|   |   |   |
|---|---|---|
| 19. | | During the 6:41 PM sweep, the broom did not drag or bunch up as it swept over the area where the liquid would be located post-incident. (*Id.* at 06:41:27 PM.) |
| 20. | | Between the 6:43 PM sweep and the incident, a Smith's employee walked by the incident area at the following times: 6:47 PM; 7:04 PM; 7:11 PM; 7:18 PM; 7:36 PM; 7:37 PM. (ECF No. 126 at 177-180.) |
| 21. | | At 7:43 PM, approximately one hour after the prior sweep, a Smith's employee swept the back aisle where the incident occurred and where Plaintiff laid. (Ex. 10 at 07:43:26 PM.) |

**C.    Smith's Freezer Malfunctions**

22. On May 3, 2019, Smith's freezers in aisle four caused products to defrost and needed repair. (ECF No. 126 at 171-72.)
23. On May 8, 2019, the freezers in aisle four at Smith's leaked water onto the floor. (*Id.* at 172.)
24. On May 10, 2019, and May 29, 2019, the temperature in an unspecified freezer(s) at Smith's ran high. (*Id.* at 172-73.)

## II.    CONCLUSIONS OF LAW

Plaintiff asserts a single claim for negligence. Plaintiff argues that Defendant breached its duty of care by allowing liquid to accumulate on the floor. (ECF No. 129 at 13.) Defendant counters that it owed Plaintiff a duty to "exercise reasonable care to keep the premises in a reasonably safe condition," which it met because it did not have actual or constructive notice of the liquid on the floor. (ECF No. 130 at 1-2.) The Court finds that Plaintiff has not demonstrated that Defendant knew or should have known of the presence of the liquid on the floor and therefore cannot establish liability. Accordingly, the Court does not reach the issue of damages.

///

///

**A.  Negligence: Burden of Proof and Elements**

1. A plaintiff bears the burden of proof to establish a cause of action for negligence. *See, e.g.*, *Sims v. General Telephone and Electric*, 815 P.2d 151, 154 (Nev. 1991). The burden of proof is preponderance of the evidence. *See, e.g.*, *States Marine Corp. v. Producers Co.-op. Packing Co.*, 310 F.2d 206, 212 (9th Cir. 1962).

2. To state a claim for negligence, a plaintiff must show "(1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." *Joynt v. California Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992) (citation omitted).

3. "The owner or occupant of property is not an insurer of the safety of a person on the premises," but a business owner does have a duty to its patrons to keep the premises reasonably safe. *See, e.g.*, *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citation omitted).

4. As a business owner, Defendant owed Plaintiff a duty to keep Smith's reasonably safe.

5. A temporary hazardous condition on the premises triggers a duty of care depending on its cause. *See Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962); *see also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964) ("The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care.").

6. A business owner breaches its duty of care if a hazardous condition causes a slip-and-fall accident and the business owner or one of its agents caused the hazardous condition. *See Asmussen*, 392 P.2d at 50.

///

7. Alternatively, if the business owner or its agents did not cause the hazardous condition, the business owner breaches its duty of care if it had actual or constructive notice of the hazardous condition and did not remedy it. *Id.*

8. Constructive notice of a hazardous condition exists if the defendant should have known about the hazard. See *Sprague*, 848 P.2d at 322-23 (citation omitted).

9. Constructive notice may be established from the nature of how a business manages hazardous conditions. See *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012). A plaintiff must show that there was a recurrent risk on the premises even with the nature of the business' mode of operation to prevent hazards. *Id.* at 497, n.5.

10. Absent any additional evidence, the mere presence of a hazardous condition is not sufficient to establish constructive notice. See *Linnell v. Carrabba's Italian Grill, LLC*, 833 F. Supp. 2d 1235, 1238 (D. Nev. 2011).

**B.    Cause of Liquid on the Floor**

11. Plaintiff has not met her burden to show that Smith's or its agents caused the liquid to be on the floor. The evidence presented does prove liquid was located on the floor, but not that Defendant or its agents caused its presence.

12. Plaintiff proffers evidence that some of Smith's freezers malfunctioned and leaked. But she offers no evidence that the specific end cap freezer where the incident occurred was malfunctioning or leaking—only that the other freezers in the store did so.

13. Plaintiff also proffers no evidence to explain how the liquid came to be approximately six to eight inches away from the freezer with no trail if it purportedly originated from the freezer's malfunction.

14. The preponderance of the evidence does not demonstrate that the end cap freezer leaked or caused the liquid to be on the ground.

15. The Court accordingly finds that neither Defendant nor its agents caused the hazardous condition that led to the incident. Plaintiff may only recover if Defendant had actual or constructive notice of the liquid.

C. **Actual or Constructive Notice**

16. Plaintiff has also not met her burden to show that Defendant had actual or constructive notice of the liquid.

17. Plaintiff proffers no evidence that Defendant had actual notice of the hazardous condition and failed to remedy it.[5] And the Court finds no such evidence of actual notice. Indeed, the evidence supports a finding of lack of actual notice as stated in the Court's findings of facts in Section II(A).

18. Plaintiff may therefore only prove breach through constructive notice. Plaintiff fails to establish a preponderance of the evidence that there was a recurrent risk of liquid in the incident area even with Smith's policy of hourly sweeps, nor does she prove that Smith's policy of hourly sweeps fell below a reasonable standard of care.

19. Defendant managed hazards through its policy of performing hourly sweeps of the store.

20. An employee swept the area of the incident about hourly: at 6:41PM and 7:43 PM. This timing is in accordance with Smith's sweeping policies and does not indicate that Defendant fell below the appropriate standard of care.

21. When a Smith's employee performed a sweep at 6:41 PM, they used a wide cloth broom. When the broom swept the approximate area where liquid would be present after Plaintiff fell, it slid normally.

///

---

[5] Employees not obviously performing a sweep walked by the incident area at least six times within the hour of the incident and did not remedy liquid on the floor. However, this is only relevant if liquid was indeed on the floor at the time that the employees passed by it—a fact that Plaintiff does not prove.

7

22. Moreover, the liquid on the floor was clear without any footprints or tracks from shopping carts, and at least three patrons walked directly through the incident area one minute prior to the fall. If the liquid was present prior to the incident during a sweep, it would contain tracks or debris from people immediately passing through it.

23. Plaintiff therefore has not established by a preponderance of the evidence that Defendant had constructive notice of liquid on the floor. Employees adhered to Smith's policy of hourly sweeps, and no evidence presented proves that employees could have otherwise been aware of the liquid's presence. There was not a recurrent risk of slip-and-fall incidents in spite of the sweep policy.

24. The Court therefore finds that Defendant did not breach its duty of care to Plaintiff because it did not have actual or constructive notice of the liquid that caused Plaintiff to slip and fall.

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not materially affect the outcome of this case.

It is therefore ordered that Plaintiff fails to establish liability on her single claim for negligence.

The Clerk of Court is directed to enter judgment in Defendant's favor and close this case.

DATED THIS 24th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE